IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GENEVA COLBERT                              *
        Plaintiff,

        v.                                         *    CIVIL ACTION NO. JKB-16-2026

DOUGLAS MEIGS                              *
        Defendant.
                                     *****

## **MEMORANDUM**

On April 8, 2016, a civil complaint alleging a breach of lease was filed by Geneva Colbert against Douglas Meigs in the District Court for Howard County. *See Colbert v. Meigs*, Case Number 1001SP005772016 (District Court for Howard County) (copy attached). On May 9, 2016, a possession judgment was entered in favor of plaintiff. *Id.* On June 10, 2016, Meigs filed a notice of removal seeking to remove the state court case to this federal court, along with a motion for leave to proceed in forma pauperis.[1] ECF Nos. 1 & 3. Because he appears indigent, Meigs will be granted leave to proceed in forma pauperis.

Title 28 U.S.C. § 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

It is a hornbook principle of federal jurisdiction that "for both removal and original

---

[1] On June 16, 2016, Meigs contacted chambers to report that he was in hospital quarantine and did not have access to case-preparation writing materials. He requested a brief stay and that same date a stay was entered for thirty (30) days. ECF No. 5. He sought another thirty-day stay, which was granted on July 22, 2016. ECF No. 8. The additional thirty-day stay has expired.

jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed …It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *See* 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326-27 (5th Cir. 1998); *Fiano v. Bayview Loan Servicing*, Civ. No. JKB-13-292, 2013 U.S. Dist. LEXIS 23126, at *2 (D. Md. Feb. 20, 2013) *Metropolitan Life Ins. Co. v. Balinas,* 2002 WL 1298774, at *2-3 (E.D. La. June 10, 2002).

Plaintiff Colbert's complaint filed in the state district court solely concerned a breach of lease matter involving a landlord-tenant dispute.  There was no federal question presented in the state court matter at the time the notice of removal was filed, and defendant may not create federal jurisdiction by "converting" the landlord-tenant action into a civil rights complaint in this court.[2]  To warrant removal pursuant to 28 U.S.C. § 1441, which provides for removal of any civil action founded on 28 U.S.C. § 1331 federal-question jurisdiction, the federal question must be an essential element of plaintiff's cause of action and must appear from the face of the state court complaint without reference to the answer or petition for removal.

Simply put, Colbert's state court action involved a breach of lease complaint which sought restitution and repossession of the premises.  The United States district courts have no original jurisdiction over such landlord-tenant disputes and Meigs has failed to show that he is unable to enforce his federal rights in the state courts.  The case shall be remanded for improper removal by separate Order.

Date:  August 30, 2016

                                                                                /s/
                                            James K. Bredar
                                            United States District Judge

---

[2] The parties are not diverse.  Therefore, Meigs may not invoke this Court's 28 U.S.C. § 1332 jurisdiction to remove the case.